# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:00CR10037-001 |
| v. | ) | **OPINION** |
| | ) | |
| DENNIS EDWARD HELTON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this Opinion, I resolve the issue of fact as to whether the defendant has violated the conditions of his supervised release as charged. In addition, I rule on the defendant's objections to certain evidence submitted by the government.

The defendant, Dennis Edward Helton, was convicted by this court of a firearms offense in 2000 and sentenced to prison. He was released from custody in 2011 and began a five-year term of supervision. On October 1, 2011, he was charged in Scott County, Virginia, with offenses relating to the burglary of a commercial building and the resulting theft of rolls of copper wire. The state charges were ultimately withdrawn but Helton was brought before this court for violating the express condition of his federal supervision by committing another

crime.[1]  Pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), a revocation hearing was held, at which the parties presented evidence.  The court took the issue of whether the defendant had committed a crime under advisement and this Opinion resolves that issue.

The undisputed facts show that on the night of September 12-13, 2011, thieves broke into the Scott County Telephone Cooperative building and stole rolls of copper wire valued at $1,288.50.  On September 27 there was a second break-in at the same building during which police surprised and arrested Timothy Helton, brother of the defendant, and Christopher Darnell.  At a preliminary hearing held in state court on December 8, 2011, Darnell, represented by counsel, testified and admitted that he, along with the defendant and Timothy Helton, had together committed the first burglary on September 12-13.  He further testified that they cut the copper up into strips and the next morning the three of them sold it to a person named Bill Ward for around $500.

At the defendant's revocation hearing, the government called Darnell to testify but he asserted his Fifth Amendment right to remain silent, which the court upheld.[2]  The government accordingly offered in evidence a copy of the transcript of Darnell's testimony at a state court preliminary hearing, to which the defendant

---

[1] This is a required condition of supervised release.  18 U.S.C.A. § 3583(d) (West Supp. 2012).

[2] The charges against Darnell in state court have yet to be resolved.

objects on ground that it is hearsay in violation of the Confrontation Clause. U.S. Const. amend. V.

I first must consider the defendant's objection to the introduction of Darnell's prior testimony.

In its recent opinion in *United States v. Doswell*, 670 F.3d 526 (4th Cir. 2012), the Fourth Circuit outlined the test I must follow in determining whether to admit hearsay evidence during a supervised release revocation hearing. The court relied on Federal Rule of Criminal Procedure 32.1(b)(2)(C), which requires that defendants in revocation proceedings be given the opportunity to present evidence and question any adverse witness unless the court determines the interests of justice do not require the witness to appear. The Advisory Committee's notes explaining this provision of the rules state that "[t]he court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." Fed. R. Crim. P. 32.1 advisory committee note. The Fourth Circuit explicitly adopted this balancing test in its decision in *Doswell*, and emphasized that the reliability of the hearsay testimony is an important factor in determining the weight of a defendant's confrontation rights. 670 F.3d at 531. Specifically, the court noted:

> If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1. On the other hand, hearsay evidence

of questionable reliability will of course provide a far less firm basis for denying a releasee the opportunity to question any adverse witness.

*Id.* (internal quotation marks omitted).

In *Doswell*, the Fourth Circuit found that the district court had failed to apply this balancing test in admitting a drug analysis report against the defendant. The government did not call the chemist who prepared the report and provided no additional evidence that corroborated the report. Moreover, the government provided no explanation for its failure to produce the chemist -- the hearsay declarant. The district court's admission of the report, therefore, failed to comply with the requirements of Rule 32.1.[3]

In this case, in contrast to *Doswell*, the government has shown good cause for not producing the declarant of the hearsay statement in light of the fact that Darnell invoked his Fifth Amendment right against self-incrimination. Although the Federal Rules of Evidence do not apply to this case, Fed. R. Evid. 1101(d)(3), in an analogous situation, those rules regard this privilege as a reason for a

---

[3] In contrast, the Seventh Circuit focused almost exclusively on reliability in *United States v. Kelley*, 446 F.3d 688 (7th Cir. 2006). If hearsay contains sufficient indicia of reliability, according to the Seventh Circuit, that reliability in and of itself can satisfy the government's requirement to have good cause for not producing a witness. In *Kelley*, the court allowed a police officer to testify at a supervised release revocation hearing about statements the defendant's victims had made to the officer following the attack. The court also allowed the officer's written police report to be admitted into evidence. The court of appeals found that the officer's testimony was reliable, and the hearsay it contained was supported by corroborating physical evidence acquired from the scene. The hearsay was, therefore, admissible at the revocation hearing.

declarant to be unavailable for the purpose of admitting hearsay statements contained in former testimony. Fed. R. Evid. 804(a)(1), (b)(1).

Moreover, the hearsay testimony by Darnell is sufficiently reliable for admission. It was given under oath at a formal court proceeding and was subjected to vigorous cross examination by his codefendants' attorneys, including defendant Dennis Helton's attorney. Darnell's testimony at the preliminary hearing was detailed, showing his direct knowledge of the events in question, and was corroborated by other facts in evidence. For example, he described both break-ins of the Scott County Telephone Cooperative, confirming that defendant Dennis Helton was not present at the second burglary.[4] While Darnell agreed at the state preliminary hearing that he hoped he would be treated with leniency by virtue of his truthful testimony, I do not find his then-cooperation with the prosecution to affect the reliability of his testimony, in light of its internal consistency and support by other uncontested facts.

---

[4] Counsel for the defendant conditionally moved to introduce a written statement by Darnell given to police after his arrest (Def.'s Ex. 2), in the event the court determined to admit Darnell's former testimony. While there are some inconsistencies between the two, the statement generally corroborates Darnell's court testimony. Two other exhibits offered by the government were also objected to on hearsay grounds – a written statement given to police by Revonda Kaye Helton, Timothy's ex-wife (Gov't's Ex. 2), and a written statement by James Garn, the fellow inmate (Gov't's Ex. 3). Revonda Kaye Helton and Garn later testified at the revocation hearing and their testimony did not directly implicate the defendant in the crime, although it was not inconsistent with that guilt. The exhibits offered by the government were not inconsistent with the witnesses' testimony and I have not considered or relied upon these two exhibits in reaching my decision. The defendant did not offer any testimony at the hearing.

The government has the burden of proving by a preponderance of the evidence that the defendant violated the condition of his supervision as charged, 18 U.S.C.A. § 3583(e)(3) (West Supp. 2012), and I find, based upon the evidence described herein, that the government has met that burden. It is more likely than not that the defendant committed the state crimes charged against him in connection with the burglary in question.

DATED: August 27, 2012

/s/  James P. Jones
United States District Judge